Jose M. MARTINEZ, Plaintiff-Appellant,

v.

Donald W. GUDMANSON, Defendant-Respondent.

[Case No. 84–1783.]

Jerry L. WEATHERALL, Petitioner-Appellant,

v.

Donald W. GUDMANSON, Respondent.

[Case No. 84–1792.]

Joseph F. BURNS, Plaintiff-Appellant,

v.

Donald W. GUDMANSON, Defendant-Respondent.

[Case No. 84–1872.]

STATE of Wisconsin EX REL.
Nathaniel JONES, Petitioner-Appellant,†

v.

Donald W. GUDMANSON, Respondent.

[Case No. 84–1976.]

Court of Appeals

*Nos. 84–1783, 84–1792, 84–1872, 84–1976.*
*Submitted on briefs May 16, 1985.—Decided May 22, 1985.*
(Also reported in 370 N.W.2d 814.)

† Petition to review denied.

For the appellants, the cause was submitted on the pro se briefs of *Jose M. Martinez, Jerry L. Weatherall, Joseph F. Burns* and *Nathaniel Jones.*

For the respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James P. Altman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.  The appellants, four inmates of the Kettle Moraine Correctional Institution, claim that their mandatory release dates were improperly calculated. They assert that their release dates were calculated on a straight 360-day year rather than the true 365-day year (with the 366-day leap year) known as the Gregorian calendar. They conclude that the calculation extends their sentences beyond that set by the courts and are therefore unconstitutional. They demand immediate release.

Their claim, and consequently this appeal, is meritless. As succinctly noted by the trial court, using a standard 360-day year calendar rather than the Gregorian calendar simplifies sentence computation. Each month is treated as a 30-day month. The effect of this is to benefit every inmate by awarding credit for an extra five days per year. So, rather than extending the sentence, the use of the 360-day calendar actually shortens the time. The calendar inures to every inmate's benefit. Therefore, there is no unconstitutional extension of lost liberty.[1] We affirm.

*By the Court.*—Orders affirmed.

---

[1] Although we view this appeal as meritless and normally not deserving of publication, we have published it in the interests of

judicial economy. We have been advised that several other in-mates across the state have filed writs in the trial courts using the same argument. Officially published opinions have statewide precedential effect. Sec. 752.41(2), Stats. We publish so that trial and appellate courts need not expend court resources independently to resolve this issue in every single instance.